**Mark W. PFENNINGER, M.D., and Women's Health Care Specialists, P.C., Plaintiffs–Appellants,**

v.

**EXEMPLA, INC.; Westside Womens Care; Gayle Crawford, M.D.; Bonita Kolrud, M.D.; Philip Burstein, M.D.; R. Douglas Hunter, M.D.; and Francis Major, M.D., Defendants–Appellees.**

No. 99CA0635.

Colorado Court of Appeals, Div. III.

Dec. 21, 2000.

Tondre & Schumacher, P.C., Brice Tondre, Denver, CO, for Plaintiffs–Appellants.

Long & Jaudon, P.C., Christine A. Craigmile, Denver, CO, for Defendants–Appellees Exempla, Inc., Philip Burstein, M.D., and R. Douglas Hunter, M.D.

Montgomery, Little & McGrew, P.C., Richard L. Murray, Jr., Patrick T. O'Rourke, Englewood, CO, for Defendants–Appellees Westside Womens Care, Gayle Crawford, M.D., and Bonita Kolrud, M.D.

John O. Martin, P.C., Kathleen M. Shea, Denver, CO, for Defendant–Appellee Francis Major, M.D.

Opinion by Judge TAUBMAN.

Upon remand from the supreme court, we reconsider the appeal of plaintiffs, Mark W. Pfenninger and Women's Health Care Specialists, P.C., from the judgment dismissing their complaint against defendants Exempla, Inc. (Exempla), Westside Womens Care, Gayle Crawford, Bonita Kolrud, Philip Burstein, R. Douglas Hunter, and Francis Major, for lack of subject matter jurisdiction. Upon reconsideration, we again reverse the judgment.

In *Pfenninger v. Exempla, Inc.*, 12 P.3d 830 (Colo.App.2000), we reversed the trial court's judgment dismissing plaintiffs' defamation claim for lack of subject matter jurisdiction based on failure to exhaust administrative remedies.

There, contrary to the trial court's conclusion that the claim first must be presented to the Committee on Anti-competitive Conduct (CAC), we concluded that the CAC's inquiry was limited to whether certain disciplinary action against Pfenninger by the Exempla Board of Directors "resulted from unreasonable anti-competitive conduct." We further concluded that the defamation claim was independent of any anti-competitive conduct claim. Therefore, we held that plaintiffs' defamation claim was not subject to the jurisdiction of the CAC, that plaintiffs did not have to exhaust their administrative remedies, and that they properly filed their defamation claim in district court. We also concluded that the trial court erred in relying upon *Ryals v. St. Mary Corwin Regional Medical Center*, 987 P.2d 865 (Colo.App.1999) (*Ryals I* ), to dismiss plaintiffs' defamation claim because all the claims in *Ryals I* were held to be based upon anti-competitive conduct, and the CAC properly had jurisdiction over those claims.

The supreme court reversed *Ryals I* in *Ryals v. St. Mary–Corwin Regional Medical Center*, 10 P.3d 654 (Colo.2000) (*Ryals II* ). The supreme court examined § 12–36.5–101, et seq., C.R.S.2000, the statutory framework regarding professional review proceedings for physicians. The court explained that the statute allows private entities to establish professional review committees for the purpose of investigating the qualifications, appropriateness of patient care, and professional conduct of a licensed physician. A physician may appeal an adverse recommendation of a professional review committee to the entity's governing board, which has the authority to take final action on the recommendation of the professional review committee. Only after such final action has been taken may the physician appeal to the CAC. Failure to exhaust this administrative remedy precludes a physician from bringing the claim in district court.

The supreme court held that the CAC was not created to hear all claims based on anti-competitive conduct between a physician and a hospital. Rather, it concluded that the CAC's jurisdiction was limited to issues of physician qualification, professional conduct, and quality of patient care arising out of qualified professional review committee activities. When claims do not arise out of these issues, plaintiffs are not required to file anti-competitive conduct claims with the CAC and exhaust their administrative remedies. Instead, following *Ryals II*, such claims may proceed directly to district court.

Although the *Ryals II* court had granted certiorari on the issue whether the CAC's jurisdiction extends to common law claims, it expressly declined to address this issue.

Thereafter, the supreme court vacated our prior opinion in this case and remanded the cause to this court for reconsideration in light of *Ryals II*.

■ Here, although the record is not clear on this point, we will assume, *arguendo*, that plaintiffs' defamation claim arose out of statements allegedly made by defendants at proceedings before defendant Exempla's executive committee regarding plaintiff Pfenninger's conduct with respect to patients, Exempla employees, and other persons at Exempla. Exempla's executive committee is the equivalent of the professional review committee discussed in *Ryals II*. Notwithstanding *Ryals II*, we conclude, in accordance with our prior opinion, that, because plaintiffs' defamation claim was a common law claim, they were not required to file the claim with the CAC, and they properly filed it in the district court.

As noted in our previous opinion, in *Brooke v. Restaurant Services, Inc.*, 906 P.2d 66 (Colo.1995), the supreme court addressed an issue under the Colorado Anti-discrimination Act (Act), § 24–34–301 et seq., C.R.S.2000, that is similar to the issue raised here and left unanswered in *Ryals II*. The supreme court considered whether a party pursuing common law claims related to claims brought under the Act was required to exhaust administrative remedies pursuant to the Act before filing the common law claims in district court.

The supreme court held that "administrative remedies under the Act must be exhausted only for claims filed pursuant to the Act." *Brooke v. Restaurant Services, Inc., supra*, 906 P.2d at 70. The court concluded that, because the Colorado Civil Rights Commission (CCRC) did not have jurisdiction "to address common law claims arising out of discriminatory conduct not resulting in an employment-related decision nor authority to grant ... compensatory relief," exhaustion of administrative remedies through the CCRC prior to filing a common law claim with the district court was not necessary. *Brooke v. Restaurant Services, Inc., supra*, 906 P.2d at 71. The court further concluded, "it is futile to require exhaustion of administrative remedies when no such remedies exist," especially where exhaustion would require a claimant to risk having the statute of limitations run on the common law claims. *Brooke v. Restaurant Services, Inc., supra*, 906 P.2d at 71.

We conclude, as we did before, that *Brooke v. Restaurant Services, Inc., supra*, provides the appropriate analytical framework for evaluating whether plaintiffs here were required to present their defamation claim to the CAC prior to pursuing that common law claim in the district court.

■ *Brooke* is directly analogous to the situation presented. As we noted in our prior opinion, § 12–36.5–106(7), C.R.S.2000, provides that a physician who is aggrieved by a final board action, and who alleges such action resulted from unreasonable anti-competitive conduct must pursue administrative remedies before the CAC on the issue of whether such action constituted anti-competitive conduct. This section, therefore, limits the jurisdiction of the CAC to issues of anti-competitive conduct.

In contrast, § 12–36.5–106(8), C.R.S.2000, expressly allows a physician to pursue claims in court directly that arise out of a final board action but do not allege anti-competitive conduct. Accordingly, this section limits the exhaustion requirement contained in § 12–36.5–106(7).

■ In addition, because the only remedy available pursuant to § 12–36.5–106(9)(k), C.R.S.2000, is a final order disapproving and setting aside the final board action, the General Assembly did not intend for the CAC to award compensatory damages for common law claims brought before it. *See Brooke v. Restaurant Services, Inc., supra*.

Thus, following the analogy of *Brooke*, the CAC did not have jurisdiction to consider plaintiffs' common law defamation claim that arose out of professional review committee activity. Therefore, plaintiffs were not required to exhaust their administrative remedies before filing their defamation claim in the district court.

Following *Ryals II*, to the extent that the alleged defamatory statements arose outside of the professional review process, plaintiffs

still were not required to exhaust their administrative remedies.

Accordingly, we again conclude that the trial court erred in dismissing plaintiffs' defamation claim for lack of subject matter jurisdiction.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judge JONES and Judge NEY concur.